## In re TELEDYNE DEFENSE CONTRACTING DERIVATIVE LITIGATION.

### No. CV 92–6481 Kn.

United States District Court, C.D. California.

Oct. 4, 1993.

William S. Lerach, Milberg Weiss Bershad Specthrie & Lerach, San. Diego, CA, and Kevin P. Roddy, Los Angeles, CA, Richard Schiffrin, Schiffrin & Craig, Ltd., Bala Cynwyd, PA, Co–Lead Counsel, Eugene Mikolajczyk, J. Paul Gignac, Chimicles, Burt & Jacobsen, Los Angeles, CA, Richard D. Greenfield, Greenfield & Rifkin, Haverford, PA, Howard B. Sirota, Saul Roffe, Sirota & Sirota, New York City, for plaintiffs.

Thomas E. Holliday, Barbara G. Zelkind, Gibson, Dunn & Crutcher, Los Angeles, CA, David I. Gindler, Irell & Manella, Los Ange-

les, CA, Miles N. Ruthberg, Heller, Ehrman, White & McAuliffe, Los Angeles, CA, Brian C. Cuff, Carlsmith Ball Wichman Murray Case Mukai & Ichiki, Long Beach, CA, William J. Meeske, Latham & Watkins, Los Angeles, CA, for defendants.

### ORDER DISMISSING FEDERAL CLAIMS WITH PREJUDICE

KENYON, District Judge.

The Court has reviewed the papers submitted in response to the order to show cause why the two federal claims should not be dismissed with prejudice. Plaintiffs are silent as to their securities fraud claims and therefore these claims are **DISMISSED WITH PREJUDICE.** As to the RICO claims, other than taking issue with the Court's analysis of the law, Plaintiff offer to do little more than amend their complaint to specifically state that the injuries to Teledyne were "foreseeable." As the Court has already explained, foreseeability alone is not enough. Plaintiffs' citation to the dissenting opinion in *Oscar v. University Students Co-Op Ass'n,* 965 F.2d 783, 799 (9th Cir.1992) (en banc) does not convince the Court otherwise, as even there the three dissenting judges spoke in terms of the harm being not just a "foreseeable" result of the alleged racketeering activity but also a "necessary" result. The Court is fully aware of the fact that "but for" the wrongdoing at various levels of the Teledyne entities, the company would not have been forced to pay out the very real fines, penalties, and other fees that have resulted from the discovery and prosecution of this illegal conduct. However, the law is clear that "but for" causation alone is inadequate to confer RICO standing. For these reasons, and for the reasons stated in this Court's previous decision, it is clear to the Court that leave to amend is unwarranted, and therefore Plaintiffs' RICO claims are also **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.